**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis AREVALO, Defendant–**
**Appellant.**

**No. 09–14784**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 17, 2010.

designation.

Susan Hollis Rothstein–Youakim, U.S. Attorney's Office/MFL, Tampa, FL, for Plaintiff–Appellee.

Jose Luis Arevalo, Herlong, CA, pro se.

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Luis Arevalo, *pro se*, appeals the denial of his motion for a writ of error *audita querela*. After careful review, we affirm because the relief Arevalo seeks was cognizable under 28 U.S.C. § 2255 and because Arevalo failed to obtain a Certificate of Appealability to file a second or successive § 2255 petition.

■ We review "*de novo* the question of whether a prisoner may challenge his sentence by filing a motion for a writ of *audita querela.*" *United States v. Holt,* 417 F.3d 1172, 1174 (11th Cir.2005). "*Audita querela,* Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." *Id.* (citation omitted). It is clear that "a writ of *audita querela* may not be granted when relief is cognizable under § 2255." *Id.* at 1175. It is also clear that the claim Arevalo makes in his *audita querela* motion—that his conviction should be collaterally overturned because the Supreme Court's recent decision in *United States v. Santos,* 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008) applies retroactively—is cognizable under § 2255. *See e.g., Bousley v. United States,* 523 U.S. 614, 620–21, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (explaining that where a defendant was convicted "for an act that the law does not make criminal," he raises a claim cognizable in a § 2255 proceeding); *Holt,* 417 F.3d at 1175 (finding that a claim collaterally attacking a conviction based on the retroactive application of a Supreme Court case is cognizable under § 2255); *Gonzalez v. Sec'y for Dept. Of Corr.,* 366 F.3d 1253, 1260 (11th Cir.2004) (*en banc*), *aff'd on other grounds,* 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) ("A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation, jurisdictional defect, or other ground that makes the judgment subject to collateral attack.").

■ Because Arevalo is proceeding *pro se,* we "may liberally construe his *audita querela* motion as a § 2255 motion." *Id.* However, Arevalo has already filed § 2255 petition that was denied by the district

court in 2005. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), a district court can only consider a second or successive § 2255 petition if the petitioner has first obtained a Certificate of Appealability from this Court granting him permission to file a second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). Because Arevalo failed to obtain a Certificate of Appealability to challenge his conviction in a second or successive § 2255 petition, the district court could not have erred in denying his claim.

**AFFIRMED.**